1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  Laurel J. Holland
4  David M. Herzog
   Assistant United States Attorneys
5  825 Jadwin Avenue
6  Richland, WA, 99352
   Telephone: (509) 353-2767
7

8           UNITED STATES DISTRICT
       FOR THE EASTERN DISTRICT OF WASHINGTON
9

10  UNITED STATES OF AMERICA,
11
              Plaintiff,
12                                      Case No.: 4:22-CR-6007-MKD-1
13        v.
14  BRET MICHAEL EMINETH,               United States' Sentencing
                                        Memorandum
15
              Defendant.
16

17      Plaintiff, United States of America, by and through Vanessa R. Waldref,
18  United States Attorney for the Eastern District of Washington, and Laurel J.
19
    Holland, Assistant United States Attorney for the Eastern District of Washington,
20
    submits the following sentencing memorandum:
21

22                          **Statement of Facts**

23
        ▇▇▇▇▇▇▇▇ (Minor 1) was born ▇▇▇▇▇. ECF No. 103, ¶ 10. Bret
24
25  Michael Emineth (Defendant) came into Minor 1's life when ▇▇▇▇▇▇▇

26  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

27  ▇▇▇▇▇▇▇ ECF No. 79 at 9. Defendant and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

28

United States' Sentencing Memorandum – 1

██████████████████████████████████████. ECF No. 103, ¶ 82. Defendant ██████████████████████████████████████████████. ECF No. 79 at 9. ██████████████████████████████████████████████████████████████. *Id.* Thereafter, Defendant began to sexually abuse Minor 1. *Id.* Defendant initially touched Minor 1's breasts and genitalia, then progressed to penile/vaginal intercourse, penile/oral intercourse and vaginal/oral intercourse. *Id.* The abuse continued for four (4) years, until June of 2021, when Minor 1 was ██████████, and ████ reported the abuse to law enforcement. ECF No. 103, ¶ 31. ████████████████████████████████████████████████████████████████████████████. ECF No. 79 at 9.

Defendant memorialized his abuse of Minor 1, taking images of the sexual acts he caused ██ to perform. ECF No. 103, ¶¶ 23-25, 30, 32, 39. Image files depicting Defendant's sexual abuse of Minor 1 were recovered by a certified forensic examiner on Defendant's Samsung cellular phone. ECF No. 79 at 10. These image files depicted Defendant and Minor 1 engaged in oral/penile intercourse, Defendant's digital penetration of Minor 1, Defendant licking Minor 1's breast and lascivious images of Minor 1. *Id.* The images appeared to have been taken over a lengthy period of time, based upon Minor 1's age progression. ECF No. 103, ¶ 30.

In 2019, Defendant began a dating relationship with Malesa Hale (Codefendant Hale). ECF No. 79 at 10. Codefendant Hale also had ████████ ████████. ECF No. 100, ¶¶ 91, 93-94. Approximately one (1) year into a relationship with Defendant, Codefendant Hale became suspicious of his relationship with Minor 1. ECF No. 79 at 10. Codefendant Hale confronted Defendant; Defendant admitted that he was engaged in a sexual relationship with

United States' Sentencing Memorandum – 2

Minor 1, who was ▮▮▮▮. *Id.* Codefendant Hale did not report Defendant to law enforcement or otherwise withdraw from their relationship. *Id.* To the contrary, Codefendant Hale expressed interest in sexually abusing Minor 1 with Defendant. ECF No. 103, ¶ 11. Defendant continued to abuse Minor 1, and on multiple occasions, enabled Codefendant Hale to do the same. ECF No. 103, ¶¶ 16-19, 32, 36. Codefendant Hale molested Minor 1, touching ▮ nude body, digitally penetrating ▮ and subjecting ▮ to oral/vaginal sex. ECF No. 103, ¶ 36. On one occasion, after the abuse concluded, Codefendant Hale thanked Minor 1, telling ▮ that "it helped" Codefendant Hale and Defendant's relationship. *Id.* Codefendant Hale told Minor 1 that ▮ was beautiful, and she (Codefendant Hale) found ▮▮▮ sex arousing. *Id.*

On Defendant's Samsung cellular phone, law enforcement officers located text messages between Defendant and Codefendant Hale regarding their sexual abuse of Minor 1. ECF No. 79 at 10. These messages included discussions regarding the ▮▮▮ sexual interests of both Defendant and Codefendant Hale, their sexual abuse of Minor 1, and their plans for future sexual abuse of Minor 1 and other teens, including Codefendant Hale's ▮▮▮. ECF No. 103, ¶¶ 13-22, 39-40. One such exchange occurred on March 10, 2020 and was included verbatim in the Plea Agreement. ECF No. 79 at 10-12.

Defendant went on in other text messages to give Codefendant Hale ▮▮▮ to sexually abuse Minor 1:

| | |
|---|---|
| Codefendant Hale | Oh yes I knew all that after we discussed it haha but I mean like I guess I don't know really just looking for someone to do anything with, I haven't thought about it, just fantasy right now. But maybe will just start with [Minor 1] hahah... I haven't asked because of our situation... but I mean if you insist hahah |

United States' Sentencing Memorandum – 3

| Defendant | Yeah, I think it'd be awesome! And I was jusy gonna bring ▮ up! Whenever you're in the mood to taste [Minor 1] or if you just want to get some fingers inside ▮ or feel like giving a dual blow job or anything like that (or whatever else you can think of), don't be afraid to ask. I think it's sexy as hell and I'm telling you as long as we're good you can have all the pussy you want, as much as you want it!<br><br>*again...just make sure I get to play too hahaha |
|---|---|

ECF No. 79 at 13.

On August 9, 2020, Defendant and Codefendant Hale continued to discuss their sexual abuse of Minor 1 and their predilection for such taboo sexual abuse:

| Defendant | In my fantasies you will suck and fuck cock when I tell you too and enjoy it |
|---|---|
| Codefendant Hale | And tell ▮ I said so! |
| Defendant | See...my baby just NEEDS dick! You fucking sexy whore! |
| Codefendant Hale | Hell yeah! Oh and don't forget ▮ [Minor 1]! Hopefully soon ▮ begging you to shove it ▮ tight pussy too! |
| Defendant | You can teach ▮ how to be a proper slut too! |
| Codefendant Hale | Yes! With class haha<br><br>Can't wait for [Minor 1] to be just as excited when get get rowdy in the bedroom!!! |
| Defendant | I am the love of your life and you're the love of mine! You make me very happy sweetheart! I love you more and more every day (and not because of sex)! Yes, that will be a fun time if/when ▮ finally gets comfortable! |
| Codefendant Hale | Exactly, the sex is a bonus lol, but I love you for you and you are the very best thing that's ever happened to me!!! |

United States' Sentencing Memorandum – 4

| | | |
|---|---|---|
| 1<br>2 | Defendant | I'd imagine you would very much appreciate ▆ being your playmate if ▆ gets as excited as you do! |
| 3<br>4 | Codefendant Hale | Lol YASSSSS |
| 5 | Defendant | You and me conquering the world love! |
| 6<br>7<br>8<br>9<br>10 | Codefendant Hale | I need another partner to help satisfy you, not that I can't, we both know I can very much, but I love having [Minor 1] in there because of the seriously kinkyness to it! It's so fucking hot and it is so exciting to know you want that too and get excited knowing I do too gahhhh<br><br>Yasss we are babe!!! |
| 11<br>12<br>13<br>14<br>15 | Defendant | I am totally fine with bringing in whatever woman you think looks delicious enough to eat! But [Minor 1] does bring it up a notch because of the sheer taboo factor on multiple levels!! So you two can have each other whenever and as much as you want! And it is really exciting to know we are into it and excited by it and excited that the other likes it too! I love you my kinky gal! |
| 16<br>17<br>18 | Codefendant Hale | Aww I love you my kinky guy! You're so right the taboo factor brings it up x1000 hahah if not more<br><br>So awesome ▆ enjoys it too bahahah |
| 19<br>20 | Defendant | Mmhmmmm! Well said my baby! I think its super fucking hot that ▆ might have a crush on you! Grrrrrrr |
| 21<br>22<br>23<br>24<br>25 | Codefendant Hale | Lmfao wait but you should be happy ▆ considered you ▆ first cock to suck and possibly fuck! ▆ obviously found you hot as hell since ▆ kept looking at you sexually and loves your cock as much as I do! Did ▆ ever come to you and wanted it without you asking? I can't remember what you have said so I am asking again, sorry lol just got |
| 26<br>27 | Defendant | I am happy about that! But you are the first woman to lick ▆▆ and likely the first woman ▆ will eat out! And I |

28

United States' Sentencing Memorandum – 5

| | |
|---|---|
| | think you're the first woman who ▓ fingered (and definitely in the ass) |
| | It was usually just unsaid and ▓ shy, so I would just kind of point to ▓▓▓ would nod or shake ▓ head. It was never really directly talked about that much until you and I started with it |

ECF No. 79 at 13-15.

On August 16, 2020, Defendant was at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ including Minor 1. *Id*. at 15. Defendant and Codefendant Hale engaged in graphic communications regarding sexual intercourse with one another, Minor 1, and ▓▓▓▓▓▓▓▓▓. *Id*. Defendant and Codefendant Hale then discussed and mutually agreed to the production of sexually explicit image files depicting Minor 1. *Id*. Defendant produced said depictions of Minor 1 engaged in sexually explicit conduct and sent the images to Codefendant Hale. ECF No. 79 at 15-22. The specific communications were incorporated verbatim into Defendant's Plea Agreement. ECF No. 79 at 15-22.

On June 7, 2021, Minor 1 walked into the Kennewick Police Department and disclosed that Defendant had sexually and physically abused ▓▓▓▓▓▓. ECF No. 103, ¶ 31-32. Minor 1 further revealed Defendant's production of images capturing the sexual abuse, and the subsequent sexual abuse by Codefendant Hale. ECF No. 103, ¶¶ 32, 36.

### I. Offense Level and Criminal History

The government agrees Defendant's Total Offense Level is 42, with a Criminal History Category I, and a resulting advisory range pursuant to the United States Sentencing Guidelines (USSG) is 360 to 720 months. ECF No. 103, ¶ 106.

//

## II. Sentencing Factors Under 18 U.S.C. § 3553(a)

A. <u>The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant:</u>

The circumstances of the offense involve Defendant sexually and physically abusing ▬▬▬▬▬ quarter of ▬ life, at the time of ▬ report to law enforcement. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ He used what was undoubtedly already a difficult time for Minor 1, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ progressively escalated his sexual abuse until he was engaging in penile/vaginal sex with Minor 1 without a condom. ECF No.103, ¶¶ 31-23.

As if such abuse were not horrific enough, Defendant memorialized his abuse of Minor 1, keeping images of the abuse stored on his cellular phone where they were ultimately discovered by law enforcement. ECF No. 103, ¶ 23-24, 30, 32.

When asked by the PSIR writer to provide an explanation as to how these crimes transpired, Defendant advised he could not, then "went on to say that at the time, he was going through a divorce, and had no one." ECF No. 103, ¶ 48. The ▬▬▬▬▬▬▬ and "▬ talked to him about the things he would have shared with an adult or another person." *Id.*

Defendant sexualized Minor 1 and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. And it is readily apparent, despite Defendant's lack of explanation, that his abuse was methodical and manipulative. Defendant began grooming Minor 1 by talking ▬▬ about oral sex and exposing his penis. ECF No. 103, ¶ 31. Then, when this was not reported, he moved on to

United States' Sentencing Memorandum – 7

touching Minor 1's body, groping ▅ breasts and buttocks, first over the clothing and then under the clothing. *Id*. Defendant then proceeded to engage in oral sex with Minor 1, before finally progressing to routine vaginal sex without a condom. *Id*.

Defendant meticulously groomed, then sexually abused Minor 1 one step at a time, until such abuse was commonplace to Minor 1. Defendant's manipulation included overtures designed to make Minor 1 think ▅ had a choice as to whether ▅ would be sexually abused. ECF No. 103, ¶ 32. Such actions by Defendant were strategic and particularly pernicious because they gave Minor 1 the illusion of choice.

As reported by Minor 1, it did not matter whether ▅ said ▅ did not want to participate in sexual acts with Defendant. *Id*. If Minor 1 advised Defendant ▅ did not want to participate, Defendant would "guilt ▅ into participating" or make ▅ choose between the sex acts the two engaged in. *Id*. On one occasion, Defendant even offered Minor 1 $50 to perform oral sex and swallow his ejaculate. *Id*. Defendant's conduct was not aberrant, a fleeting moment after his divorce. It was a systemic pattern of manipulation that escalated over time and allowed him to engage in increasingly vile and violative acts with Minor 1, without worrying that ▅ would report his conduct.

Ultimately, Defendant did not stop with his own abuse of Minor 1. When confronted by another adult (Codefendant Hale) as to the nature ▅ with Minor 1, Defendant revealed the truth, but still, he did not stop. Rather, he invited Codefendant Hale, ▅ Minor's 1 ▅ to partake in the abuse. Defendant encouraged Codefendant Hale to engage in her own grooming behaviors with Minor 1, which

United States' Sentencing Memorandum – 8

Codefendant Hale did. *See* ECF No. 103, ¶¶ 13-22, 36. Thus, due to the actions of Defendant, Minor 1 had two adults, ▮▮▮▮▮ facilitate sexual abuse.

This sexual abuse culminated on August 16, 2020, when Defendant ▮▮▮ to take images documenting his sexual abuse for Codefendant Hale. The text string memorializing these communications is indicative of the way Defendant viewed Minor 1 at that time- a sexual object available to satisfy the desires of him and his girlfriend. And notably, Defendant took the images of Minor 1 ▮▮▮▮▮ ECF No. 79 at 15.

On August 18, 2020, Minor 1 attempted suicide. ECF No. 103, ¶¶ 27-28, 32. On August 19, 2020, Defendant acknowledged in text messages with Codefendant Hale, ▮▮▮ ECF No. 103, ¶ 28. Yet, Defendant went on to blame Minor, stating, ▮▮▮▮▮

Defendant still seems reticent to take any responsibility for the self-harm Minor 1 engaged in after he sexually abused ▮▮▮ advising the PSIR writer that Minor 1 "was a good kid, active in school and sports. ▮▮▮ then began to struggle and started cutting ▮▮▮ He got ▮▮▮ into counseling." ECF No. 103, ¶ 48.

Such a statement is indeed telling. While Defendant sexually abused Minor 1, he also placed ▮▮▮ into counseling, attempting to further the narrative that he was a ▮▮▮▮▮. ECF No. 103, ¶ 48. Of course, no adult who engaged in sexual abuse ▮▮▮▮▮ - as noted by Defendant's own mother. ECF No. 103, ¶ 85.

United States' Sentencing Memorandum – 9

1  Beyond Defendant's abuse of Minor, the circumstances of the instant case
2  include Defendant's documented sexual attraction to minors, particularly those in a
3  ▇▇▇▇▇▇ setting. ECF No. 103, ¶¶ 13, 17; ECF No. 79 at 10.
4  B. <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment:</u>
5
6  The government requests the Court sentence defendant to a 30-year term of
7  imprisonment for conspiring to produce, and ultimately producing, images
8  depicting his abuse of Minor 1. The government would further request that
9  Defendant be sentenced to a subsequent lifetime term of supervised release.
10 As previously described, the seriousness of the offense cannot be overstated.
11 Defendant sexually abused ▇▇▇▇▇▇ for years and expressed his desire to
12 pursue other minor children. He documented said abuse and saved the images he
13 took in a secure folder on his cellular device. ECF No. 103, ¶¶ 11, 32.
14 And perhaps most disturbing, Defendant did this while presenting himself to
15 be a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. ECF
16 No. 103, ¶¶ 48, 85, 88. ▇▇▇▇▇▇▇ Defendant was a very different man.
17 A man who sexually abused Minor 1 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. A
18 man who memorialized said abuse. A man who planned with his then girlfriend,
19 Codefendant Hale, how to further sexually abuse Minor 1 and other minor
20 children. He engaged in level of grooming and manipulation that warrants a
21 significant sentence.
22
23 A 30-year term of imprisonment, to be followed by a lifetime term of
24 supervised release, reflects the seriousness of Defendant's offense, the lengths he
25 went to to perpetrate the offense, and the serious impact Defendant's actions have
26 had on Minor 1.
27 //
28

United States' Sentencing Memorandum – 10

C. <u>The Need for the Sentence Imposed to Protect the Public from Further Crimes of Defendant</u>

The public, and particularly, minors within the community, need protection from further crime by Defendant. As previously discussed, Defendant was able to commit years of heinous crimes while hiding in plain sight in our community. Defendant's family still does not believe Defendant is guilty of the instant offenses. ECF No. 103, ¶¶ 85-88. Even more troubling, Defendant's family continues to encourage ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ to have contact with him even though ▬ continues to decline. ECF No, 103, ¶ 87.

Defendant has demonstrated that he is a gifted manipulator with the ability engage in the physical and sexual abuse of children; thus, a lengthy prison term of 30 years, to be followed by a lifetime term of supervised release is required. Defendant is presently 41 years old. A sentence that provides for his incarceration until his early seventies is required for the safety of the community.

D. <u>The Need for the Sentence Imposed to Provide Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner:</u>

Defendant did not advise of a particular interest in a vocational or educational program, however the United States submits that any such opportunity should be available at the Bureau of Prisons facility where Defendant serves his sentence.

E. <u>The Kinds of Sentences Available:</u>

Defendant is subject to a sentence involving a term of imprisonment. The offenses to which Defendant pled guilty carry a mandatory minimum sentence of fifteen years imprisonment, by statute.

//
//
//

United States' Sentencing Memorandum – 11

F. <u>The Kind of Sentence Contemplated by the Sentencing Guidelines:</u>

The Sentencing Guidelines contemplates a term of imprisonment. The United States agrees that only a significant term of imprisonment is appropriate based on the facts of this case.

G. <u>Any Pertinent Policy Statements Issued by the Sentencing Commission:</u>

There are no pertinent policy statements applicable in this case, aside from the USSG themselves which suggest only a significant term of incarceration is appropriate.

H. <u>The Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who have been Found Guilty of Similar Conduct:</u>

Defendant is subject to a sentence akin to others similarly situated.

Dated: December 28, 2023.

Vanessa R. Waldref
United States Attorney

*s/ Laurel J. Holland*
Laurel J. Holland
Assistant United States Attorney

United States' Sentencing Memorandum – 12

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul Shelton

*s/ Laurel J. Holland*
Laurel J. Holland
Assistant United States Attorney

United States' Sentencing Memorandum – 13